This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                          **No. 33,556**

**ANICA TAFOYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Vicki Zelle, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant has appealed from a conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant

has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore uphold the conviction.

{2}     Because the pertinent background information and applicable principles have previously been set forth, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

{3}     First, Defendant renews her assertion that the trial court improperly limited the scope of cross-examination. [MIO 18-22] In the notice of proposed summary disposition we expressed our general agreement with the district court's thoughtful handling of this issue.  In her memorandum in opposition Defendant continues to argue that she should have been permitted to cross-examine the officers about their recollection of entirely separate, unrelated DWI investigations, for the purpose of undermining their credibility.  In this context, we review for abuse of discretion. *See generally State v. Brown*, 1998-NMSC-037, ¶ 25, 126 N.M. 338, 969 P.2d 313 (noting that abuse of discretion is the standard of review for limitations on cross-examination). We remain unpersuaded that the trial court abused its discretion, for a couple of reasons.  First, the avenue of inquiry was not entirely foreclosed:  the trial court did permit defense counsel to question one of the officers about his limited recollection of other DWI investigations. [RP 76] Second, Defendant was able to impeach the officers by focusing on far more relevant questions about what they did

2

and did not recall about Defendant's case. [RP 71-72, 75-77, 79-80] Because Defendant was permitted to thoroughly and effectively cross-examine the witnesses and to impeach their credibility, we conclude that the few limitations imposed on the scope of cross-examination were well within the trial court's discretion.

{4}     Defendant also renews her challenge to the admission of a copy of the BAT card produced by the intoxilyzer in the course of the DWI investigations and arrest. [MIO 22-25] As we previously observed, Rule 11-1003 NMRA provides that duplicates are admissible to the same extent as original documents "unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." *See also Gushwa v. Hunt (In re Estate of Gushwa)*, 2008-NMSC-064, ¶ 24, 145 N.M. 286, 197 P.3d 1 ("Our rules . . . provide that a duplicate, which includes a photocopy, may be admitted in lieu of an original to prove the contents of a document unless there is a genuine question about the authenticity of the original or unless it would be unfair to admit the duplicate."). Although Defendant suggests that Rule 11-1003 is inapplicable because the State failed to make a showing that the original was unavailable, [MIO 23-24] Rule 11-1003 requires no such showing. The authority upon which Defendant relies, *Central Security & Alarm Co. v. Mehler,* 1996-NMCA-060, ¶ 32, 121 N.M. 840, 918 P.2d 1340, provides that *"the best evidence rule . . . .* deals primarily with the admissibility of copies of

3

documents when the originals are available." (emphasis added). Rule 11-1002 NMRA is the best evidence rule. It requires the presentation of original documents to prove content "unless these rules or a statute provides otherwise." *Id.* Rule 11-1003 "provides otherwise," by specifying that duplicates are "admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." *Id.*

{5} With respect to the requirements of Rule 11-1003, Defendant acknowledges that she has not raised any genuine question about the original's authenticity. [MIO 23] On this matter, the officer who administered the breath test testified that he recognized the document and confirmed the date, the identity of the test subject, and his own signature, and also testified that the document was an accurate representation of the original, with no alterations. [RP 73-75, 81] *See generally* Rule 11-901(A), (B)(1) NMRA (providing that evidence may be authenticated by producing "evidence sufficient to support a finding that the item is what the proponent claims it is," including testimony that the evidence "is what it claimed to be"). Although Defendant continues to challenge the officer's independent recollection of the original document, [MIO 24] the trial court was well within its discretion in crediting the officer's testimony and concluding that authenticity had been adequately established. *See generally State v. Sewell*, 2009-NMSC-033, ¶ 23, 146 N.M. 428, 211 P.3d 885

(recognizing that the trial courts have the best vantage from which to evaluate witness credibility); *State v. Mora*, 1997-NMSC-060, ¶ 53, 124 N.M. 346, 950 P.2d 789 (reviewing a district court's determination relative to the authentication of evidence for abuse of discretion), *abrogated on other grounds recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683. Nor has Defendant identified any circumstance that could be said to have made the admission of the duplicate unfair, such as illegibility. [MIO 23-25; RP 13] We therefore conclude that the duplicate BAT card was properly admitted pursuant to Rule 11-1003, and reject Defendant's assertion of error.

{6} Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{7} **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**


_____
**TIMOTHY L. GARCIA, Judge**

5